D. W. OW, *Appellant,* v. ELLA R. DALHOFF, *Appellee.*

No. 18,325.

SYLLABUS BY THE COURT.

1. REVIVOR—*Judgment—Notice May be Given by Publication.* Section 437 of the code, in effect, provides for the revivor of a judgment in the manner prescribed by section 427 of the code for the revivor of an action before judgment and that service of the notice may be made by publication.

2. —————— *Same.* Where the judgment debtor is alive, the word "defendant" in the affidavit for publication should be substituted for "the representatives of the defendant" and such other changes as are necessary to show that the proceeding is against a live defendant instead of against the representatives of a deceased defendant.

Appeal from Butler district court. Opinion filed July 5, 1913. Reversed.

*H. W. Schumacher, George J. Benson,* and *T. A. Kramer,* all of El Dorado, for the appellant.

*C. L. Aikman,* of El Dorado, for the appellee.

The opinion of the court was delivered by

SMITH, J.: In 1887 one Conley obtained a judgment on a note and order of foreclosure of a real-estate mortgage, given to secure the note, against the appellee and her husband. An order for the sale of the mortgaged premises was issued and a sale was had, but after paying prior liens and costs a sufficient amount was not obtained to satisfy the judgment. The deficiency judgment was afterwards assigned to the appellant. The appellee and her husband removed to the state of Arkansas, and during all the time involved in this proceeding were residents of that state. The judgment became dormant in August, 1893. Within one year thereafter the judgment creditor filed a motion in the district court of Butler county to revive the judgment. No notice was personally served upon the

appellee or her husband, and no notice whatever was given except by publication of the notice in a newspaper in Butler county. The judgment creditor knew that the appellee and her husband resided at a certain place in Arkansas. Whether or not the appellant was entitled to a judgment in this case depends upon whether the order of revivor made upon such publication notice was valid. If the service was in such case authorized by the statute the judgment was properly revived and this action should have been sustained thereon. The court held that the service of notice by publication in such case is not authorized, and rendered a judgment for the judgment debtor.

Section 437 of the code provides for the revivor of judgments in the same manner as is prescribed for reviving actions before judgment. Section 427 provides for the revivor of actions before judgment and provides for service of notice by publication, and also prescribes what facts must be shown by affidavit to entitle a party seeking such revivor to make service of notice by publication. The notice runs to the personal representatives of the party opposed to the one who seeks the revivor. Now, an action becomes dormant before judgment only upon the death of a party or his power as personal representative ceases; while a judgment may become dormant by the death, insanity or other loss of power by the party to represent himself or by the failure of the judgment creditor to cause successive executions to be issued on the judgment within the times prescribed by statute. In this case the judgment became dormant by reason of the failure to isssue an execution within time. Section 437 plainly authorizes the revivor of such a judgment in the manner prescribed by section 427, but in this case, and others like it, service can not be made upon the representatives of the judgment debtor because the judgment debtor is alive and presumably competent to represent himself, yet it is plainly indicated that notice of an application

to revive a dormant judgment may be made by publication. Hence we hold, to give force to the plain intent of the legislature, that a party seeking to revive a dormant judgment which became dormant by reason of the failure to issue execution, may obtain service of notice by publication and modify the notice prescribed by the statute to conform to the facts of his case—that is, to give notice to the living judgment debtor.

The appellee contends that service by publication could not be made in this case because section 427 is not adapted to the facts of this case. The trial court must have adopted this theory in deciding that the order reviving the judgment was void.

To avoid the evident injustice of the construction of the various provisions of the statute which would deny to the judgment creditor the right to serve the notice by publication of the application to revive the judgment because the debtor had become a nonresident of the state, while if the debtor were dead the notice could be given to the personal representatives by publication, the appellee suggests that notice might be personally served upon the judgment debtor in another state. Conceding that service might be made in this manner, it seems apparent that section 437 of the code authorizes service by publication upon any party liable as provided in section 427 of the code.

The appellant followed the provisions of section 427 of the code as nearly as the facts in the case would permit, and the court erred in holding such service insufficient and that the order of revivor made thereon was void.

We are not unmindful of the numerous authorities cited by the appellee, but we think that the question involved in this case was not decided in any of such authorities, and it is held that the order reviving the judgment was not void, and if not, that it should have been held effective by the court in this case.

Some other questions are raised and argued, but we

think the determination of this one question determines our decision.

The judgment is reversed and the case is remanded for further proceedings.